WeygaNdt, C. J.
The controlling facts are simple and undisputed.
The realty here involved was owned by W. H. Troutwine, Mrs. Magee’s first husband. He died intestate on February 1, 1939. On the 28th of that month, Mrs. Magee (then Mrs. Trout-wine) was appointed administratrix of her deceased husband’s estate.
Ten months later on December 4, 1939, she married the plaintiff, O. E. Magee.
Seventeen days thereafter on December 21, 1939, she filed a petition for an order to sell the realty so as to permit payment of the indebtedness of her first husband’s estate. The petition was granted on March 12, 1940. Under the terms of the order she was authorized to sell the realty at a private sale for not less than $2,400, the appraised value thereof. On the same day the petition was granted, she did so sell the property for that amount. The purchaser was her new husband, C. E. Magee, the plaintiff herein.
By their cross-petitions the defendant children ask that the sale he held void and that the realty be partitioned among them as heirs of their father.
Counsel are agreed that but a single question of law is presented. When a Court of Probate issues an order for a private sale of realty by the administratrix of an estate and she then makes such a sale to her spouse, is such sale voidable at the election of the heirs?
It is the contention of the defendant children that a fiduciary is not permitted to sell property to himself either directly or indirectly. The following provisions of Section 10506-49, General Code (now Section 2109.44, Revised Code), are quoted:
“Fiduciaries shall not buy from or sell to themselves nor shall they in their individual capacities have any dealings with the estate, except as expressly authorized by the instrument *468 creating the trust and then only with the approval of the Probate Court in each instance # *
Hence, such a sale by a fiduciary to himself is prohibited and void. But the plaintiff contends that this statute does not prohibit a fiduciary from selling to his spouse or even render the sale voidable. It is the further contention of the plaintiff that the omission of such an express prohibition by the General Assembly constitutes an implied approval of a fiduciary’s sale to his spouse or anyone other than himself. However, this court has held otherwise, as shown by the decision in the case of Armstrong v. Heirs of Huston, 8 Ohio, 552, cited by the defendants but not mentioned in the plaintiff’s brief or in the opinion of the trial court. The syllabus reads as follows:
“Where an appraiser of lands to be sold by an administrator becomes a purchaser, the sale may be set aside on application of the heir, as infected with fraud. ’ ’
In the opinion of Lane, J., appears the following reasoning:
“The present case presents the single question, whether the appraiser of land at an administrator’s sale stands in such a relation that his purchase, without fraud, will be set aside at the instance of the heirs * * *. There seems no reason to distrust the integrity of Armstrong, or the fairness of the sale. The appraisal is not shown to be too low, when made, although the land has since appreciated. The sale was at public vendue, and no proof is made that Armstrong assumed to purchase for the benefit of the family.
“The Statute of 1824 (2 Chase’s L., 1300, Sec. 12), forbidding purchases by appraisers, relates to sales by execution only. The disability of the appraiser in the present case, if it exists, arises under those general principles of equity, which prevent those from acquiring a title, to whose discretion or agency the management of a sale is confided.
“The application of this doctrine to trustees, executors, attorneys, and agents is familiar in all the books. A majority of the court unite in the opinion, that the principle of exclusion attaches to every person, to whose integrity and judgment is committed the execution of any step needful in making the sale.
“Where the law creates fiduciary relations, it seeks to prevent the abuse of confidence, by insuring the disinterestedness *469 of its agents. It holds the relations of judge and party, of buyer and seller, to be entirely inconsistent. The temptation to abuse power for selfish purposes is so great that nothing less than that incapacity is effectual, and thus a disqualification is wrought by the mere necessity of the case. Fullness of price, absence of fraud, and fairness of purchase are not sufficient to countervail this rule of policy. To give it effect, it is necessary to recognize a right in the former owner, to set the sale aside in all cases on repayment of the money advanced. * * *
“The appraiser of land is interposed between the buyer and seller in judicial sales, to prevent sacrifices, at undue prices, to the detriment of those interested in its value. If he were permitted to profit by his position, the law would lose its strongest security for his integrity. The Legislature has acted in view of this, by imposing on him a disability by statute to purchase at sales under execution; but in this it only adopted a well-established rule of policy applicable to all analogous cases.” Cf. Wade v. Pettibone, 11 Ohio, 57, 37 Am. Dec., 408.
It should be noted that the decision in that case was not based on a statute. It should be observed further that in that case the property was sold at a public sale while in the instant case the sale was a private one — a situation suggesting that it be even more narrowly scrutinized.
It does not require the citation of many authorities to demonstrate that the decision in the Armstrong case, supra, is in conformity with the general rule.
In 3 Bogart on Trusts and Trustees (pt. 1), 105, Section 484, appears the following comment:
“If the trustee sells to his own wife, the courts have tended to treat the transaction as subject to avoidance. The common-law identity of husband and wife, the fact that a benefit to the wife would generally inure to the advantage of the husband, and the difficulty of uncovering collusion between them, all argue in favor of treating the sale to the trustee’s wife as equivalent in legal effect to a sale to himself. The same doctrine should control if a woman who is trustee sells to her husband. ’ ’
In 1 Restatement of the Law of Trusts, 434, it is said:
“If the third person is the spouse of the trustee, the sale can be set aside as though it were made to the trustee himself.”
*470 In 54 American Jurisprudence, 370, Section 466, the rule is summarized as follows:
‘ ‘ Although, not all authorities explicity condemn purchases of trust property by a spouse or relative of the trustee, at least where it is apparent that no loss or prejudice results to the trust estate or where there are other circumstances, such as good faith and adequate consideration, justifying the court in upholding the transaction, the majority rule is that a purchase of trust property by a spouse or close relative of a trustee is improper and voidable by the beneficiary where and to the extent that such a purchase by the trustee himself would be improper and voidable by the cestui que trust, even though the transaction is free from actual fraud and supported by fair consideration. One reason for this rule is to prevent any conflict of interest in the mind of the trustee in a sale of the trust property, and to prevent any opportunity or temptation to him to take a profit or benefit from such a transaction. ’ ’
Hence, in conformity with the general rule, the defendant children are entilted to have the sale set aside and the realty partitioned or resold. They also seek an accounting. The plaintiff alleges, too, that he has made extensive improvements to the property, that he paid certain debts of the estate, and that he provided a home for two of the decedent’s children. Inasmuch as this is a chancery action, the trial court has plenary jurisdiction to render a decree in conformity with the equities of the matter.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a retrial in accordance with this opinion.

Judgment reversed and cause remanded.

Zimmekmaw, Stewart, Bell, Taet, Matthias and Herbert, JJ., concur.